IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JIMMY R. FISHER, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | )   Case No. 05-4043-SAC |
| | ) |
| THE GARAGE DOOR GROUP, INC., | ) |
| d/b/a AMARR GARAGE DOOR COMPANY | ) |
| | ) |
|      Defendant. | ) |

**AGREED PROTECTIVE ORDER**

Documents and information subject to discovery in this case contain and/or reflect proprietary and/or confidential information which the parties seek to protect from unauthorized disclosure. This Protective Order is necessary to protect the parties to this lawsuit, as well as those individuals and entities not parties to this lawsuit, from annoyance, embarrassment or injury to their personal, financial, or business reputations and/or well-being. To expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, provide adequate protection for material entitled to be kept confidential, and for good cause shown, IT IS HEREBY ORDERED THAT:

      1.    **Designation of Confidential Information.** Any party to this action shall be entitled to designate a document confidential by stamping "CONFIDENTIAL" on the face of the first page thereof if that document contains "**Confidential Information.**" **Confidential Information** pursuant to this Order shall consist of:

      (a)    personal and sensitive information concerning any current or former employee of the defendant who is not a party to this lawsuit, including personnel records; medical files; mental health records; tax returns; disciplinary actions; employment records; internal company

documents; salary, bonus and earnings information; investigative reports and files; personal calendars; planners and/or diaries;

   (b) the trade secret or confidential or proprietary nonpublic business information of defendants, including policies, procedures and memoranda regarding operations, management and employment; strategic and business plans; business, sales and profit reports; financial statements; marketing and sales plans; and financial or business projections.

   (c) plaintiff's medical, employment, and/or tax records; and

   (d) written discovery responses containing the information described in (a), (b), and (c), above.

   Excluded are matters of public record and information readily ascertainable by other means. If a party to this lawsuit or a third party believes another party has improperly designated information as "CONFIDENTIAL," it shall advise the designating party and attempt to resolve the dispute in an amicable manner. If that dispute cannot be resolved in an amicable manner, the party claiming that materials have been improperly designated as "CONFIDENTIAL" may file an *in camera* motion with the Court with a copy of the disputed material and request that the Court resolve the dispute through a telephone conference or as otherwise directed by the Court. The party claiming that the information was properly designated "CONFIDENTIAL" shall have the burden of establishing that the information should be kept confidential. If a designation is contested, such information will be treated as confidential until the parties have resolved the issue to their mutual satisfaction or the Court rules on the matter.

   2. **Designating Documents as Confidential Information.** Documents may be designated as **Confidential Information** by marking them with the word "CONFIDENTIAL" prior to production or transmission to any of the parties to this Protective Order.

(a) All documents produced by the Kansas Human Rights Commission pursuant to this Court's Order of August 1, 2005 (Doc. No. 9), pertaining to or including information concerning employees, other than plaintiff, of The Garage Door Group, Inc., d/b/a Amarr Garage Door Company, including Lee Criswell, Robert Hodge, Charles ("Chuck") Johnson, Jason Parker, Jason Garwood, Ed Davis, Larry Houseworth, and Jason Thompson, shall be treated as **Confidential Information** under this Protective Order.

3. **Confidential Information in Depositions**. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or of independent experts retained by a party for purposes of this litigation may be designated by the party as **Confidential Information** by stating on the record at the deposition that the testimony is confidential and subject to the provisions of the Protective Order. Alternatively, the party may designate information disclosed at a deposition as confidential by notifying all parties in writing within thirty (30) days of receipt of the transcript that the transcript contains **Confidential Information**. Under either circumstance, the party asserting that the deposition testimony is confidential shall provide a reason why such protection is being sought under this Protective Order. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in the party's possession, custody or control.

(a) Any party may contest the designation of information disclosed at a deposition as confidential by applying to the Court for a ruling on the matter, but such information must be treated as confidential until the Court rules on the matter. Until expiration of the thirty-day period, the deposition transcript will be treated as subject to protection against disclosure under this Protective Order. If no party or deponent timely designates **Confidential Information** in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential; if a timely designation is made, the party seeking the designation

must file a motion with the Court and seek to file the confidential portions and exhibits under seal separate from the portions and exhibits not so marked. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential.

(b) A deponent may, during the deposition, be shown and examined about documents marked "CONFIDENTIAL" if the deponent already knows the **Confidential Information** contained there, or if the deponent executes the Acknowledgement as required under paragraph 6. Deponents shall not retain or copy portions of the transcript of their depositions that contain **Confidential Information** not provided by them or the entities they represent unless they sign the form prescribed in paragraph 6. A deponent who is not a party shall be furnished a copy of this Order before being examined about, or being asked to produce, potentially confidential documents or information.

4. **No Disclosure.** Except upon further Order of this Court or by express written consent of counsel for the parties, **Confidential Information** furnished in this lawsuit by any of the parties shall not be disclosed to any person other than:

(a) Counsel for the parties in this lawsuit who are actively engaged in the conduct of this litigation; and the shareholders, partners, associates, secretaries, legal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation;

(b) In-house legal counsel for and employees of The Garage Door Group, Inc., d/b/a Amarr Garage Door Company, with a business need to know the information;

(c) Persons with prior knowledge of the documents or the **Confidential Information** contained therein;

(d) Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

4

(e)   Any independent document reproduction services or document recording and retrieval services;

(f)   Outside consultants or expert witnesses to be utilized for the purposes of this litigation by either party subject to paragraphs 5 and 6 below;

(g)   Potential witnesses at deposition or trial, and the witnesses' counsel, if **Confidential Information** is reasonably necessary and related to their anticipated testimony, provided that they are provided with a copy of this Protective Order and subject to paragraphs 5 and 6 below;

(h)   Such other persons who may be specifically designated and qualified to receive **Confidential Information** pursuant to Orders of the Court or provisions of paragraphs 5 and 6 below.

5.   **Advance Approval of Release**.  Before providing **Confidential Information** to persons identified in paragraphs 4(e) and 4(f) above, the parties shall obtain a signed Acknowledgement pursuant to paragraph 6 and provide a copy of the executed Acknowledgement to the other party.

6.   **Obtain Acknowledgment.**  Any person receiving **Confidential Information** shall not disclose such **Confidential Information** to any person to whom disclosure is not authorized by the terms of this Order.  Prior to disclosure of any **Confidential Information** to any person listed in paragraph 4, except 4(a), 4(b), 4(c) and 4(d), such person shall be given a copy of this Order and shall certify by a sworn statement as set forth in the Acknowledgment (attached hereto) that he/she has read and understands this Order, agrees to comply with its terms and, only for the purpose of securing compliance with its terms, irrevocably submits his/her person to the jurisdiction of this court.  The party providing **Confidential Information** to such

5

person shall retain custody of the sworn statement of each such person. Such statements shall be provided to the party upon written demand.

7. **Use of Confidential Information.** All **Confidential Information** designated by a party in this lawsuit, including documents or discovery responses produced in discovery which have been marked as "CONFIDENTIAL," shall be used by the opposing party only in connection with these proceedings and any appeals arising therefrom. No **Confidential Information** shall be used by the opposing party for any purpose other than in connection with this lawsuit and any appeals arising therefrom. No **Confidential Information** that has been designated by a party shall be disclosed by the opposing party to any other person, party, entity, agency, print or electronic media, or any one outside these proceedings for any purpose. Further, neither the opposing party nor his/its counsel will make any statements, or release the other party's confidential documents, pleadings, or deposition testimony, (nor any summaries thereof), either directly or indirectly, to any member of the press or media. Any inquiries to a party or its counsel in the case regarding **Confidential Information** designated by the opposing party, from any reporter or other person representing the press or media shall be met with the response that the matter is in litigation and that the Court has issued this Protective Order.

8. **Maintaining Confidentiality.** The recipient of any **Confidential Information** provided pursuant to this Order shall maintain such **Confidential Information** in a secure and safe area. The recipient shall take care that any such information or the substance or content of such information, or notes and memoranda relating thereto, are not disclosed to anyone other than persons entitled to disclosure under paragraph 4 or by Order of the Court.

9. **Filing Confidential Information.** If a party wishes to file with the Court as part of a motion, brief, or related matter (unless otherwise agreed by the parties or ordered by the Court) any information which has been designated as "CONFIDENTIAL," that party shall first

6

file a motion with the Court to file the document containing **Confidential Information** under seal. When **Confidential Information** is filed with the Court, it must be filed with a cover sheet bearing the caption of the action and containing the following notice: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

**Confidential Information** need not be filed with the Clerk of the Court except when required in connection with motions under Federal Rules of Civil Procedure 12 or 56 or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they remain confidential documents.

10. **Return of Confidential Information.** Upon the final resolution of the lawsuit, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

(a) Counsel of record for each party receiving **Confidential Information** shall return to the designating party all **Confidential Information,** and all copies;

(b) All persons who received any **Confidential Information** shall return to the counsel from whom the **Confidential Information** was received all copies of **Confidential Information** that are in the possession of such person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other items containing or based on **Confidential Information**, and any counsel in possession of such documents shall destroy the documents and things described in this paragraph, except the Clerk of the Court; and

(c) Counsel of record for each party shall confirm in writing that all **Confidential Information**, together with all copies, have been returned to the producing party or destroyed in accordance with the terms of paragraphs 10(a) and/or 10(b) above.

7

11. **No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

12. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, documents marked "CONFIDENTIAL" and other **Confidential Information** may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice, in writing, to counsel for the party or other person that designated the information as confidential, of the specific document(s) or information intended to be offered. This notice requirement may be satisfied by timely filing of any exhibit list identifying the exhibit by Bates numbers or by filing deposition designations as required by the Court's pretrial orders. Any party may move the Court for an order that the information be received *in camera* or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection may be afforded such information at the trial.

IT IS HEREBY ORDERED THIS 6th day of September, 2005.

                                               s/K. Gary Sebelius
                                               THE HONORABLE K. GARY SEBELIUS
                                               U.S. MAGISTRATE JUDGE

WISLER LAW OFFICES


By: /s/  *James L. Wisler*
     James L. Wisler
     1311 Wakarusa Drive, Suite 2200
     Lawrence, Kansas  66049
     Telephone:  (785) 843-4110
     Facsimile:  (785) 840-0424

ATTORNEY FOR PLAINTIFF


and


STINSON MORRISON HECKER LLP


By: */s/ Kathleen Ryan*
     Nathan J. Meisgeier     KS  # 19050
     Kathleen Ryan           KS  # 21413
     1201 Walnut, Suite 2200
     Kansas City, MO  64106
     Telephone:  (816) 842-8600
     Facsimile: (816) 691-3495

ATTORNEYS FOR DEFENDANT

DB03/012516 0401/6572127.1

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the court in the case captioned *Jimmy R. Fisher v. The Garage Door Group, Inc., d/b/a Amarr Garage Door Co.*, Case No. 05-4043-SAC; that he/she is one of the persons contemplated to be given access to the information designated confidential by one of the parties; that he/she fully understands and agrees to abide by the obligations and conditions thereunder; and that he/she does hereby voluntarily subject himself/herself to the jurisdiction of this Court for purposes of enforcing the Protective Order.

_____
Signature

_____
Print Name

_____
Title or Position

Dated:_____

DB03/012516 0401/6572127.1
DTMDOCS 1085605v1